IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DIXIE LAW GROUP, | ) |
|     Interpleader Plaintiff, | ) |
| v. | ) No.: 3:25-cv-718-GNS |
| | ) *Electronically Filed* |
| KEVIN SUMERALL, DIXIE LAW GROUP, PSC, APTIVA HEALTH, LLC, ANTHEM INSURANCE COMPANIES, INC., and OASIS LEGAL FINANCE, LLC, | ) |
|     Interpleader Defendants. | ) |

## COMPLAINT

Now comes the Interpleader Plaintiff, Dixie Law Group, PSC, and for its complaint against Interpleader Defendants Kevin Sumerall; Dixie Law Group, PSC; Aptiva Health, LLC; Anthem Insurance Companies, Inc.; and Oasis Legal Finance, LLC, states the following:

**Jurisdiction and Venue:**

1. This matter stems from the settlement of a personal injury action that occurred on August 10, 2020 in the city of Franklin in Simpson County, Kentucky.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1335 and § 1397.

3. Venue is proper under 28 U.S.C. § 1397 as multiple parties resided and/or operated in this judicial district.

**Parties:**

4. The Interpleader Plaintiff/Interpleader Defendant, Dixie Law Group, PSC, was at all relevant times an entity domiciled in the state of Kentucky and operating in Louisville, Kentucky.

5. Interpleader Defendant Kevin Sumerall resides in the city of Conyers, Rockdale County, Georgia.

6. Interpleader Defendant Aptiva Health, LLC, was at all relevant times an entity domiciled in the state of Kentucky and operating in Louisville, Jefferson County, Kentucky.

7. Interpleader Defendant Anthem Insurance Companies, Inc., was at all relevant times an entity domiciled in the state of Indiana and operating in Indianapolis, Marion County, Indiana.

8. Interpleader Defendant Oasis Legal Finance, LLC, was at all relevant times an entity domiciled in the state of Illinois and operating in Rosemont, Cook County, Illinois.

**Facts:**

9. On August 10, 2020, Interpleader Defendant Kevin Sumerall (hereinafter "Sumerall") was injured in an automobile wreck on northbound I-65 in Franklin, Simpson County, Kentucky.

10. On December 16, 2020, Kevin Sumerall retained law firm Hughes & Coleman Injury Lawyers to represent him in the pursuit of a bodily injury claim pertaining to the August 10, 2020 wreck.

11. In the signed agreement, Kevin Sumerall agreed that his counsel would receive 40% of the proceeds of his case if it settled after a lawsuit was filed.

12. Kevin Sumerall further agreed that any costs expended by his counsel would be repaid out of the proceeds of his case.

13. On March 24, 2023, Hughes & Coleman Injury Lawyers brought on Justin May of Dixie Law Group, PSC, as co-counsel for Kevin's case.

14. Since March 24, 2023, Justin May and Lindsey Goetz of Dixie Law Group represented Kevin Sumerall for his bodily injury claim pertaining to the August 10, 2020 wreck.

15. Dixie Law Group filed Kevin Sumerall's case in Simpson Circuit Court on August 4, 2023.

16. The case was removed to the United States District Court for the Western District of Kentucky, Bowling Green Division, on September 6, 2023.

17. The case was assigned the federal civil action number 1:23-cv-00115-GNS-HBB and proceeded in federal court.

18. On May 6, 2025, the parties held a mediation to attempt to settle Kevin Sumerall's claims against the defendants.

19. Dixie Law Group represented Kevin during the mediation.

20. During the mediation, Kevin Sumerall agreed to settle his claims against the defendants for the combined total amount of $150,000.00.

21. Counsel for the parties agreed on a Global Release, which was submitted to Kevin Sumerall for electronic signature on May 23, 2025.

22. Kevin Sumerall signed the Global Release on May 31, 2025.

23. Upon receipt of the settlement checks, Dixie Law Group deposited the settlement funds of $150,000.00 into its trust account pending the resolution of the lien interests asserted against Kevin Sumerall's settlement.

24. During the pendency of his case, Dixie Law Group and Hughes & Coleman Injury Lawyers expended case costs.

25. Hughes & Coleman Injury Lawyers has assigned its right of recovery in this matter to Dixie Law Group.

26. On March 29, 2021, Kevin Sumerall received medical services from Aptiva Health, LLC.

27. In lieu of payment, Aptiva Health asserted a lien for the cost of treatment on the proceeds of Kevin Sumerall's case.

28. At the time of the August 10, 2020 wreck and thereafter, Kevin Sumerall held an insurance policy with Anthem Insurance Companies, Inc., doing business as Anthem Blue Cross Blue Shield of Indiana.

29. Anthem Insurance Companies paid for treatment on Kevin Sumerall's behalf that was necessary due to injuries sustained in the August 10, 2020 wreck.

30. Anthem Insurance Companies asserted a lien on the case proceeds per the language of its policy with Kevin Sumerall.

31. On December 12, 2022, Kevin Sumerall signed a "purchase agreement" with Oasis Legal Finance, LLC.

32. According to the agreement, Oasis Legal Finance provided a case loan in exchange for a "purchased right" of recovery from the proceeds of his case in the agreed-upon amount.

### Claim for Interpleader Relief

33. Dixie Law Group, PSC, currently holds the settlement funds of $150,000.00 in its trust account.

34. Kevin Sumerall, Dixie Law Group, PSC, Aptiva Health, LLC, Anthem Insurance Companies, Inc., and Oasis Legal Finance, LLC, are all parties with a legal right to the settlement funds.

35. Dixie Law Group, PSC, cannot distribute the funds without the agreement and signed approval of Kevin Sumerall.

36. Kevin Sumerall has declined to provide said agreement and signed approval.

37. Dixie Law Group has its own claim to a portion of the settlement funds but cannot adjudicate the rights of the parties without exposing itself to liability against one or more of the other parties.

38. Dixie Law Group seeks, with permission of the Court, to deposit the funds into the register of this Court and abide by the judgment of the Court as to the distribution of the settlement funds.

WHEREFORE, pursuant to 28 U.S.C. § 2361, the Interpleader Plaintiff requests this court issue process for all parties in this matter, order that the settlement funds be deposited into the registry of the Court, hear and determine the appropriate distribution of the funds, and make all appropriate orders to enforce its judgment.

### REQUEST FOR RELIEF

WHEREFORE, Interpleader Plaintiff prays that this Court hear and determine this matter, make all appropriate orders to enforce its judgment, and for such further additional relief as this Court may deem appropriate and just.

Respectfully submitted,

/s/ Lindsey C. Goetz

_____
Justin B. May, Esq.
Lindsey C. Goetz, Esq.
Dixie Law Group, PSC
4919 Dixie Highway
Suite B
Louisville, KY 40216
jmay@dixielawgroup.com
lgoetz@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 - Fax

*Counsel for Interpleader Plaintiff/
Interpleader Defendant Dixie Law Group,
PSC*